IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE GARZA §<br>    TDCJ-CID NO. 1398561 §<br>v. §<br>§<br>RICK THALER §  | C.A. NO. C-12-071 |

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Pending is respondent's motion for summary judgment. (D.E. 23). Petitioner has filed a response in opposition. (D.E. 29). For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted, and that this habeas petition be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is confined in Bee County, Texas. (D.E. 1, at 1). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

### II. BACKGROUND

On December 2, 2005, a grand jury indicted petitioner for aggravated sexual assault of a child based on events that occurred on December 31, 2002. (D.E. 21-16, at 8). On October 4, 2006, petitioner was convicted by a jury and sentenced to a term of sixty years imprisonment. (D.E. 1, at 2). He filed a direct appeal on December 31, 2006, (D.E. 21-3), and the Court of

Appeals affirmed his conviction on August 28, 2007.  (D.E. 1, at 3; D.E. 21-5); Garza v. State, No. 13-06-584-CR, slip op. (Tex. App. Aug. 28, 2007) (unpublished).  He did not file a petition for discretionary review in the Texas Court of Criminal Appeals, or a petition for writ of certiorari in the United States Supreme Court.  (D.E. 1, at 3).  On October 13, 2011, he filed an application for writ of habeas corpus in state court.  Id.  On December 14, 2011, the Court of Criminal Appeals denied his petition without written order.  Id. at 4.

Petitioner filed his federal habeas corpus petition on March 1, 2012, alleging his appellate counsel was ineffective for failing to adequately brief two issues in his direct appeal.  Id. at 7.  Respondent filed a motion for summary judgment on June 29, 2012.  (D.E. 23).

### III.  DISCUSSION

Respondent urges that petitioner's claims should be dismissed because his petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.  (D.E. 23).

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).  Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

**A.     Petitioner's Habeas Petition Is Not Timely Filed Pursuant to AEDPA.**

Respondent argues that petitioner's federal habeas petition is untimely by over three years pursuant to the one-year statute of limitations set out by AEDPA.  28 U.S.C. § 2244(d).

Specifically, he contends that petitioner's conviction became final on September 27, 2007, when the deadline for filing a petition for discretionary review expired. The one-year limitations period began running at that time, making his federal habeas petition due by September 29, 2008 absent any tolling. Because petitioner did not file his state habeas petition within this one-year period, that state petition did not toll his claim. Therefore, his March 1, 2012 federal habeas petition was untimely pursuant to 2244(d)(1)(A). Moreover, no other provision of 2244(d) renders his petition timely because he does not assert a claim concerning a recently recognized constitutional right; there was no unconstitutional action by the State that impeded him from filing his petition earlier; and the foundations for all of his claims were known to him prior to the time his conviction became final. Finally, respondent contends that petitioner is not entitled to equitable tolling because he was not diligent in pursuing relief, and he has failed to explain why he delayed in raising his claims in an earlier petition.

Petitioner argues in response that he was not aware of the statute of limitations. (D.E. 29, at 7). In addition, he contends that he diligently pursued his collateral relief to the best of his ability given that he is illiterate and was relying on a fellow inmate for assistance. Id. Though he acknowledges that ignorance of the law–even for an incarcerated pro se prisoner–generally does not excuse prompt filing, he nevertheless maintains that he is entitled to equitable tolling. Id. at 8.

Regarding the deadline for filing an application for a writ of habeas corpus, the AEDPA provides that the one-year limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks state post-conviction writ review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

There are two separate and alternative ways a conviction can become "final" within the meaning of § 2244(d)(1)(A).  In Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003), the Fifth Circuit held that "[i]f the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'"  Id. at 694 (citing 28 U.S.C. § 2244(d)(1)(A)).  As the Fifth Circuit explained, both federal and state court filing deadlines determine when the conclusion of direct review occurs and the conviction becomes final:

> [The time period for seeking direct review] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeals process before that point, the conviction becomes final when the time for seeking further direct review in the state

4

>court expires.

Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009) ("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to this Court, has been exhausted. Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'") (citations omitted). Therefore, the petitioner's choice of actions during the appeals process determines when AEDPA's one-year limitations period is triggered.

Respondent claims, and petitioner has not denied, that § 2244(d)(1)(A) is the only pertinent limitation. (D.E. 23, at 6). Because petitioner has not advanced any argument for why or how any recent Supreme Court decisions acknowledged rights that he now claims, § 2244(d)(1)(C) does not apply. Furthermore, because he does not contend that the state created any impediment to filing his petition, § 2244(d)(1)(B) is also inapplicable. Finally, § 2244(d)(1)(D) does not render petitioner's claim timely because he does not base his petition on any new facts that he recently discovered.

The record indicates that petitioner's federal habeas petition is untimely pursuant to § 2244(d)(1)(A) because petitioner waited over three years before filing. His conviction became final on September 27, 2007, when the deadline for filing a petition for discretionary review in the Texas Court of Criminal Appeals expired. Tex. R. App. P. 68.2(a) (A petition for discretionary review "must be filed within 30 days after [] the day the court of appeals' judgment was rendered"); see also Roberts, 319 F.3d at 692 (explaining that if a petitioner does not file a petition for discretionary review after direct appeal, the state conviction becomes final for the purposes of AEDPA limitations within thirty days pursuant to Texas Rule of Appellate

Procedure 68.2, and noting that under those circumstances review by the Supreme Court is foreclosed).  The statute of limitations began running at that time, making petitioner's federal habeas petition due one year later, on September 29, 2008.  His claim was not tolled at any point because he did not file his state habeas petition until October 13, 2011.  Therefore, because petitioner did not file his federal habeas petition until March 1, 2012, it is respectfully recommended that this federal petition is untimely pursuant to § 2244(d)(1)(A).

In addition, petitioner's claim is not saved by equitable tolling.  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)); see also United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008) (per curiam) (holding AEDPA's limitations are not jurisdictional and therefore, equitable tolling is permissible).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

It is well established that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (citations omitted); see also Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004) (quoting Fisher).  Moreover, the Fifth Circuit has indicated that a petitioner's illiteracy, lack of legal training, and unfamiliarity with the legal process are insufficient to justify equitable tolling.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (indicating that literacy, deafness, and lack of legal training do not constitute "rare and exceptional" circumstances) (citing United States v.

Flores, 981 F.2d 231, 236 (5th Cir. 1993));  Foster v. Director, TDCJ-CID, No. 6:06-CV-44, 2006 WL 1313971, at *5 (E.D. Tex. May 12, 2006) (unpublished) (citing Felder, 204 F.3d at 170).

Petitioner is not entitled to equitable tolling because he did not pursue his rights diligently and because he has not shown any extraordinary circumstances that otherwise prevented his timely filing. He waited almost three years before filing his state habeas petition after his conviction became final, and his federal habeas petition was untimely by over three years. Furthermore, the record does not indicate any extraordinary circumstances that would entitle him to equitable tolling. Despite his contentions, his illiteracy and dependence on other inmates for legal assistance do not constitute rare and exceptional circumstances. Moreover, as petitioner readily concedes, his ignorance of the law does not excuse timely filing. Accordingly, it is respectfully recommended that petitioner is not entitled to equitable tolling.

Therefore, because petitioner's habeas petition is barred by the one-year statute of limitations pursuant to AEDPA and he is not entitled to equitable tolling, it is respectfully recommended that his petition be dismissed.

**B.    Petitioner Is Not Entitled To A Certificate Of Appealability.**

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 23), be granted, and that this habeas petition, (D.E. 1), be dismissed as time-barred.  Additionally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 17th day of October 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).